# Arnold & Porter

April 18, 2023

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Teva Pharmaceuticals USA, Inc. v. Perrigo, LLC, et al.,* Case No. 1:23-cv-01825 (LGS)

Dear Judge Schofield:

      Pursuant to the Court's Scheduling Order dated April 13, 2023 (ECF Nos. 19-20) ("CMO") and Your Honor's Individual Rules, Plaintiff Teva Pharmaceuticals USA, Inc. ("Teva") and Defendants Perrigo, LLC ("Perrigo") and Perrigo Pharma International D.A.C. ("PPIDAC") (collectively the "Parties") respectfully submit this joint application to request that the Court modify the current case management plan to extend: (1) the fact discovery cutoff to November 9, 2023 (90 days from the current deadline); and (2) the expert discovery cutoff to January 8, 2024 (60 days from the close of fact discovery). Should the Court need additional information to rule on this application, the Parties also request that the Court reschedule the initial pretrial conference.

      There is good cause for the Court to enter the foregoing schedule given the number of complex issues presented in this case, the location of key witnesses and documents, and Defendants' forthcoming partial motion to dismiss. Further, as discovery has not yet started, amending the case schedule will not adversely impact either party or affect other scheduled dates.

      *First*, documents and several key witnesses from the Parties are located all over the world, including the United States, Ireland, Israel, India, the Czech Republic, and Germany, which has implications for obtaining evidence and/or other scheduling difficulties. We expect that at least half of the witnesses in this case are located outside of the United States, which will require extensively more coordination of attorney and witness schedules than is typical. Given the number of discrete issues currently presented in this case, the Parties anticipate needing to take discovery of at or close to the number of custodians permitted under Your Honor's Individual Rules, as well as at or close to the maximum number of depositions permitted under the Federal Rules of Civil Procedure.

      *Second*, this case presents several complex questions arising out of a 2010 contract that will involve discrete discovery on contractual pricing mechanisms and accounting principles, course-of-dealing evidence, and international pharmaceutical manufacturing,

**Arnold & Porter**

The Honorable Lorna G. Schofield
April 18, 2023
Page 2

quality, and testing standards and results. These issues will require separate custodians and/or witnesses from different departments, further supporting the need for a longer discovery period. Defendants also have a forthcoming partial motion to dismiss that could resolve some of Plaintiff's contractual and extracontractual claims. Although Plaintiff does not agree to stay discovery, the Parties agree that it would be beneficial to conduct depositions later in the discovery period, both from an efficiency and cost standpoint, as well as being the most efficient path to potentially resuming settlement discussions in a timely manner.

*Third*, in addition to the international location of several key witnesses, and the Parties' agreement that it is more efficient to take depositions after document and written discovery is well underway, under the current CMO with fact discovery closing on August 11, most of the current period for depositions will take place over the summer months, when we expect to encounter significant witness availability issues, especially given liberal vacation schedules in Europe and other personal commitments that often occur during summer. In addition, although in some circumstances thirty days would be sufficient to conduct expert discovery, we have suggested sixty days here because of the intervening Thanksgiving and Hanukkah/Christmas holidays, which, again, is expected to cause some periods of counsel and witness availability issues.

*Lastly*, while the Parties did exchange information in connection with their mediation efforts before Plaintiff commenced this litigation, that was only a limited document exchange.

For all the foregoing reasons, there is good cause to modify the current case management plan. We thank the Court for consideration of this request.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ Joseph E. Wolfson* | */s/ Diana Sterk* |
| Joseph E. Wolfson<br>Bradley L. Mitchell<br>Peter J. Adonizio, Jr. | Diana Sterk<br>Carmela Romeo |
| *Attorneys for Plaintiff Teva Pharmaceuticals USA* | *Attorneys for Defendants Perrigo, LLC and Perrigo Pharma International D.A.C.* |

cc:    All Counsel of Record via ECF